**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**FUNDS REPRESENTING PROCEEDS OF DRUG TRAFFICKING IN THE AMOUNT OF $75,868.62, Defendant,**

and

**Corporacion E. Inversiones Shemtov,**
**Claimant—Appellant.**

No. 00–55373.

D.C. No. CV–98–01094–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided June 15, 2001.

---

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

### MEMORANDUM *

Corporacion E. Inversiones Shemtov appeals the district court's denial of attorneys fees under the Equal Access to Justice Act, 28 U .S.C. § 2412. We review the district court's denial of attorneys fees for an abuse of discretion and its factual determinations for clear error, *see United States v. One 1997 Toyota Land Cruiser,* 248 F.3d 899, 903 (9th Cir.2001), and affirm.

We cannot say that the district court abused its discretion in finding that the government was substantially justified in its forfeiture claim under 18 U.S.C. §§ 981 and 984. The government had probable cause to believe that $100,000 in laundered funds or replacement funds was in the Bank Leumi account because it was transferred there on the instructions of its agent. Given that the government could seek either the specific funds or replacement funds, it did not need to trace first in order for its position to be substantially justified. As the district court also found, the government dropped its § 981 theory once it learned that the account had been "zeroed out."

Further, as the district court explained with respect to § 984, there was no authority putting a clear outer limit on when a seizure must occur to be "forthwith" for purposes of complying with Supplemental Rules for Certain Admiralty and Maritime Claims, Rules C(2) and E(4)(a). The district court was in the best position to know all of the elements that bear upon whether the government's position was substantially justified in this particular case, *see Pierce v. Underwood,* 487 U.S. 552, 560, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), including the existence of a comprehensive criminal investigation that did not close until immediately before the seizure was effected.

Corporacion E. Inversiones Shemtov contends that regardless of whether the government's position was substantially justified, the court should not have denied attorneys fees under § 2412(d)(1)(D). However, subsection (d)(1)(D) only applies where the United States has obtained a judgment and the non-prevailing party shows that the government's demand was nevertheless unreasonable. *See One 1997 Toyota Land Cruiser,* 248 F.3d at 904. Here, judgment was not obtained by the United States.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.